UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

NATAN M. LENJO,

            Plaintiff,

            -against-

ELENA LUI, LAUREN LIEBHAUSER,
DIANA KEAM, THOMAS LOMBARDO,
and BING FONSECA-SABUNE,

            Defendants.

------------------------------

17cv7431

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Plaintiff Natan Lenjo objects to Magistrate Judge Freeman's denial of his motion to amend his complaint. (ECF No. 45.) For the reasons that follow, Lenjo's objection is overruled.

## BACKGROUND

        On January 23, 2018, this Court referred this action to a magistrate judge for general pre-trial supervision. (ECF No. 17.) Magistrate Judge Freeman entered a scheduling order on March 16, 2018 requiring that any motions to amend the pleadings be filed by May 1, 2018. (ECF No. 23.) Two-and-a-half months after that deadline elapsed, Lenjo filed a belated notice of motion seeking to add state law claims for malicious prosecution and property damage. (ECF No. 37.) He claimed good cause for the delay due to the City's ongoing investigation of the factual predicates for those claims and his reliance on a potential settlement offer. (ECF No. 37.) In addition, Lenjo asserted that a belated amendment would not prejudice Defendants.

        Defendants opposed Lenjo's application. (See ECF No. 40.) They did not argue that permitting a late amendment would prejudice them. Instead, they contended that Lenjo had

not established good cause because notices of claim he filed with the City revealed that (1) he intended to bring the state law claims before the May 1, 2018 deadline; (2) he could have moved to amend before the deadline, and (3) he did not seek any extension of that deadline. To Defendants, the fact that Lenjo did not even raise the prospect of amendment until a July 5, 2018 conference evinced a lack of diligence.

On August 23, 2018, Magistrate Judge Freeman denied the motion to amend for the reasons stated in Defendants' opposition. Magistrate Judge Freeman found that Lenjo had not shown good cause for failing to seek leave to amend or an extension of the deadline prior to its passing. In addition, Magistrate Judge Freeman noted that Lenjo had been informed of the import of the deadline at the conference setting the deadline for motions to amend. On September 11, 2018, Lenjo objected to this determination on the basis that "the scheduling order set by this Court has drastically changed and thereby alter[ed] and/or invalidat[ed] the original scheduling order set by this Court." (ECF No. 47.)

## DISCUSSION

When a district court refers non-dispositive pre-trial matters to a magistrate judge to decide, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). The Second Circuit has remarked in dicta that a motion to amend a pleading is a non-dispositive motion, Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007), and courts in this District "appear to have consistently applied the 'clearly erroneous' standard to evaluate the denial of leave to amend by a magistrate judge, regardless of whether the denial foreclosed potential claims," Xie v. JPMorgan Chase Short-Term Disability Plan, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (collecting cases).

Under this "highly deferential" standard, "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 801, 803 (S.D.N.Y. 2017) (citation and quotation mark omitted). An order is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Gualandi v. Adams, 385 F.3d 23, 240 (2d Cir. 2004) (citation and quotation marks omitted). An order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (quotation mark omitted).

Here, Lenjo fails to satisfy his heavy burden to show that Magistrate Judge Freeman's decision to deny his motion to amend was clearly erroneous or contrary to law. As Magistrate Judge Freeman found, Lenjo could have—but did not—seek leave to amend or even an extension of the deadline to amend his pleadings. Lenjo received an explanation of the meaning and importance of that deadline, but failed to raise the amendment issue until months after the deadline had passed. This Court finds no clear error with magistrate judge's implicit determination that Lenjo did not act diligently or the ultimate conclusion that he failed to establish good cause for his delay. See Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009) (explaining that "[o]nce the deadline for amendment in a scheduling order has passed, leave to amend may be denied 'where the moving party has failed to establish good cause,'" which "depends on the diligence of the moving party" (quotation marks omitted)).

Indeed, Lenjo's objection only seeks reconsideration of Magistrate Judge Freeman's decision because an unidentified scheduling order "by this Court has drastically

3

changed and thereby alter[ed] and/or invalidat[ed] the original scheduling order." As an initial matter, Lenjo's failure to assert this argument before the magistrate judge is sufficient to foreclose this Court's consideration. See Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013) ("A district court ordinarily will not consider new arguments, evidence, or case law that could have been but were not presented to the magistrate judge."). Moreover, the only scheduling order that addressed amendment of pleadings was Magistrate Judge Freeman's March 16, 2018 Scheduling Order. This deadline was not revised—nor does there appear to be any reason for the parties to believe that that deadline would be changed or vacated. See Levy v. Young Adult Inst., Inc., 2016 WL 3637109, at *4 (S.D.N.Y. June 29, 2016).

And to the extent that Lenjo's objection suggests that leave to amend should have been granted because it would cause no prejudice to Defendants, this Court sees no reason to disturb the magistrate judge's findings. Although a court "in the exercise of its discretion under Rule 16(b), also <u>may</u> consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants," the court "is not required to reach the issue of prejudice." Myers v. Moore, 326 F.R.D. 50, 64 (S.D.N.Y. 2018) (citation and quotation marks omitted) (emphasis in original); accord Tardif v. City of New York, 2016 WL 2343861, at *6 (S.D.N.Y. May 3, 2016) (same). Simply put, Magistrate Judge Freeman had discretion to deny leave to amend for lack of diligence and was not required to consider prejudice to Defendants. See Tardif, 2016 WL 2343861, at *6 ("In ruling on a motion to amend that comes after the relevant deadline in a scheduling order, courts typically consider prejudice to the non-moving party only <u>after</u> deciding whether the moving party has shown good cause for his or her delay."). While this Court may have afforded more weight to Lenjo's assertion—and Defendants' implicit concession—that granting leave to amend would

not prejudice Defendants, such a difference in opinion is no basis to overturn the magistrate judge's decision.  See Graves v. Deutsche Bank Sec. Inc., 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (noting that under the "clearly erroneous" standard, the "magistrate judge's finding should not be rejected merely because the court would have decided the matter differently").

## CONCLUSION

For the foregoing reasons, Lenjo's objection is overruled, and Magistrate Judge Freeman's decision denying leave to amend is affirmed.  Defendants' motion to substitute counsel is granted.  The Clerk of Court is directed to terminate the motion pending at ECF No. 48.

Dated: October 12, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.