ICL5lenC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

NATAN M. LENJO,

                    Plaintiff,              New York, N.Y.

               v.                           17 Civ. 7431 (WHP)

NEW YORK DISTRICT ATTORNEY'S
OFFICE, *et al.*,

                    Defendants.

-------------------------------x

                                            December 21, 2018
                                            11:00 a.m.

Before:

                    HON. WILLIAM H. PAULEY III,

                                            District Judge


                         APPEARANCES

NATAN M. LENJO, Pro se


ZACHARY W. CARTER
     Corporation Counsel for the City of New York
BY:  MATTHEW W. McQUEEN
     Assistant Corporation Counsel

ICL5lenC                              conference

1          (In robing room)

2          THE COURT:  Good morning.  This is a pre-motion

3   conference.  Would the plaintiff state his name for the record?

4          MR. LENJO:  My name is Natan Lenjo and I am the

5   plaintiff.

6          THE COURT:  Good morning, Mr. Lenjo.

7          Counsel for the defendant?

8          MR. McQUEEN:  Good morning, your Honor.  Matthew

9   McQueen with the New York City Law Department, for defendants.

10          THE COURT:  Good morning to you, Mr. McQueen.

11          So, Mr. Lenjo, have you seen the City's request to

12   make a motion for summary judgment?

13          MR. LENJO:  Yes, your Honor.  I did see the letter

14   that the City made to make a motion for summary judgment.

15          THE COURT:  Now, is your unlawful search claim based

16   solely on the defendant's failure to show you the search

17   warrant?

18          MR. LENJO:  It's based on individual persons.  I

19   wasn't shown by defendants a search warrant but it was based on

20   my actual search itself.

21          THE COURT:  The officers had a purportedly legitimate

22   basis, they had a warrant to conduct the search.  I guess my

23   view is that their failure to show you the warrant is really

24   not going to sustain a claim by you for an unlawful search

25   because they had the authority to search.

ICL5lenC                              conference

1          MR. LENJO:  Yes.  When they had, the defendant stated

2     that they had a search warrant the occupants in the apartment,

3     including myself, did open the door to the premises for the

4     defendants.  What the search was that, for me, when I was

5     been -- when I went out there and had arrested me and searched

6     me, I was the only occupant within the premises that was

7     actually physically searched.

8          THE COURT:  So, the defendants want to make a motion

9     now which, if it is granted, would result in the dismissal of

10    your action without a trial.

11         Do you understand that?

12         MR. LENJO:  I would want a trial, your Honor.

13         THE COURT:  I understand that, but a motion for

14    summary judgment would permit them to try to dispose of this

15    case without having a trial and if I were to grant their motion

16    for summary judgment, then there would be no trial in this

17    case.

18         MR. LENJO:  I would be opposed to that, your Honor.

19         THE COURT:  I understand.

20         MR. LENJO:  I understand, your Honor.

21         THE COURT:  The point I am trying to make to you is

22    that in teeing up, in fixing a schedule for a motion, it is

23    going to be very important for you to submit to me evidence,

24    affidavits and documents that substantiate your claims that

25    contest the facts that the defendants are going to offer that

1    they're going to claim are undisputed in the motion and their

2    argument is going to be that if these certain facts are

3    undisputed, therefore the Court must accept them, and if the

4    Court accepts them the claim should be dismissed in this case.

5    And so, what I am saying to you is you, in opposing this

6    motion, you cannot simply rely upon the allegations in your

7    complaint.  You have to come forward with evidence and show

8    that there is a material issue of fact that some of the

9    important facts are in dispute.

10            Do you understand that?

11            MR. LENJO:  That I do understand.

12            THE COURT:  All right.

13            Now, Mr. McQueen, would you like to just briefly

14    summarize here, for both the plaintiff and me, the nature of

15    your summary judgment motion?

16            MR. McQUEEN:  Yes.

17            The defendants had the lawfully-issued search warrant

18    that they used to enter the apartment.  When they approached

19    the apartment and knocked on the door, they waited for quite

20    some time.  And believing that the plaintiff was not home, left

21    briefly, but then returned after speaking with somebody who

22    said they believed he was home.  They went back, eventually

23    somebody responded.  They were still outside for quite some

24    time telling them that they were the police; no one was opening

25    the door.  Eventually they opened the door.  At that point

1  plaintiff came out of the apartment holding an object above his

2  head which the officers didn't know what it was and that

3  certainly could be dangerous toward them.  They attempted to

4  grab the object.  Plaintiff was saying this is the evidence and

5  tried to hand it off to a family member who was outside in the

6  hallway; ultimately they did not take what was the evidence

7  from him.  The officers were able to get plaintiff in handcuffs

8  after some difficulty and seized the object which turned out to

9  be an iPad.

10      The search warrant was, due to the nature of what they

11  were looking for, illicit images and videos that would be

12  contained on electronic devices, the warrant was to seize any

13  electronic devices and that was certainly one of the things

14  subject to the warrant.

15      So, plaintiff was put in handcuffs at that time.  The

16  premises were searched, there were a number of items that were

17  seized, and plaintiff was placed under arrest at that time in

18  connection with waiving the object over his head, being

19  dangerous, and also resisting arrest.  Ultimately, it turned

20  out that there were some images on the electronic devices that

21  were seized but images of multiple people that lived in the

22  apartment, the DA decided that it wasn't a significant enough

23  connection with the plaintiff to prosecute for that.  The DA's

24  office decided to prosecute for obstruction of governmental

25  administration, for refusing to open the door for quite some

1   time, and for also trying to hand off the iPad to a relative

2   and also for resisting arrest.  The officers did not take part

3   in the decision to, upon what to charge him with.  That was all

4   up to the district attorney's office.

5           THE COURT:  When do you want to file your motion?

6           MR. McQUEEN:  I will be away sometime next week for

7   the holiday, if I could have February 1 would probably a time

8   that I could do.

9           THE COURT:  All right.  File your motion on February

10  1.

11          How much time would you like, Mr. Lenjo, to oppose

12  this motion?  Now you are going to have to, as I say, muster

13  evidence, bring forward evidence in the form of affidavits or

14  documents to contest.

15          MR. LENJO:  Yes, I do intend to do that, your Honor,

16  in the form of depositions of the defendants and also the

17  testimony given by the defendants during the criminal

18  prosecution and probably video evidence as well that was

19  submitted during the trial.

20          THE COURT:  All right.  So, when would you like to

21  file opposing papers?

22          MR. LENJO:  60 days after the counsel for the

23  defendants files the motion.

24          THE COURT:  That's pretty long, but how about filing

25  it by April 12.  All right?

1          MR. LENJO:  Okay.  That is sufficient.

2          MR. McQUEEN:  That's more than 60 days.

3          THE COURT:  Yes, that's more than 60 days.  How about

4     filing it by March 29.  Okay?  That's almost --

5          MR. LENJO:  Two months.

6          THE COURT:  That's almost two months, March 29.  And

7     then get any reply to me by April 8.

8          MR. McQUEEN:  Could I have two weeks after the 29th,

9     until the 12th?

10          THE COURT:  April 12.  I will take the motion on

11    submission.  If you feel that argument is necessary I will let

12    you know.  And just to reiterate, because the defendants are

13    now moving for summary judgment, Mr. Lenjo, you need to come

14    forward with evidence to support your claims and you cannot

15    rely on the allegations in your complaint and I want to remind

16    you that there are valuable resources available to you,

17    specifically at the pro se intake unit and, which is at 40

18    Centre Street now, it has been relocated from this building, to

19    room 444.  And, additionally, there is the New York Legal

20    Assistance Group clinic for pro se litigants check note that

21    provides free advice and is across the street in the Thurgood

22    Marshall Court House on the lower level at room 22.

23          All right?  Have you seen them before?

24          MR. LENJO:  Yes, sir.

25          THE COURT:  Good.

ICL5lenC                              conference

1          MR. LENJO:  I do use them.

2          THE COURT:  All right.  I will enter a scheduling

3    order.

4          Anything further?

5          MR. LENJO:  In terms of the letter that I had sent to

6    your Honor pertaining to these claims, do you have a decision

7    based on that?

8          MR. McQUEEN:  There was a little bit of clarity as to

9    what claims were pled in the complaint.  Plaintiff noted that

10   he did plead the malicious prosecution in the complaint.

11         THE COURT:  I think that I'm construing Mr. Lenjo's

12   complaint to bring claims for malicious prosecution, false

13   arrest, false imprisonment, failure to intervene, and unlawful

14   search and seizure but I do think that you should think about

15   whether or not you want to pursue the unlawful search claim

16   given the fact that the defendants had a valid search warrant.

17         MR. LENJO:  Well, then I would like it to be

18   differentiated between the unlawful search and seizure of the

19   targeted premises and the unlawful search and seizure of the

20   persons in my case also as a person pertaining to being a false

21   arrest and malicious prosecution.

22         THE COURT:  Yes, but the false arrest and false

23   prosecution are already, they're claims.  That's how I am

24   construing your pleading.

25         MR. LENJO:  Correct.  Yes.

ICL5lenC                          conference

1          Now as search warrant for, as the defendant searched

2     my person and did confiscate items that were not associated

3     with the search warrant and therefore that aspect of unlawful

4     search and seizure of persons, I would like that to be

5     separated from that of the premises.

6          THE COURT:  All right.  I will construe the complaint

7     as stating that claim so you will address that on your summary

8     judgment motion, Mr. McQueen.

9          MR. McQUEEN:  Yes, your Honor.

10          THE COURT:  All right?

11          MR. LENJO:  But specifically different, right?

12          THE COURT:  Yes.

13          MR. LENJO:  And property and targeted premises, two

14     separate searches.

15          THE COURT:  All right.

16          MR. McQUEEN:  Will the order from today's conference

17     contain a listing of the --

18          THE COURT:  I think this is sufficient here.  I will

19     just have the scheduling order.

20          MR. McQUEEN:  Okay.

21          THE COURT:  All right?

22          MR. McQUEEN:  Okay.  And with regard, I don't believe

23     you do the bundling rule so we file as we -- you want to file

24     it on the docket, correct?

25          THE COURT:  Correct.  All right?  Thank you very much.

ICL5lenC                          conference

1   Have a good holiday.  Enjoy the rest of the year, what is left

2   of it.  Okay?

3               MR. LENJO:  Likewise.

4               MR. McQUEEN:  Thank you, your Honor.

5               THE COURT:  Thank you.

6                              o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25